IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| ROYAL ELECTRIC VEHICLES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| BC COMPANIES, LLC and | ) | JURY TRIAL REQUESTED |
| ROBERT B. CONQUEST, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff, Royal Electric Vehicles, LLC ("Royal EV" or "Plaintiff") for its complaint against Defendants, BC Companies, LLC and Robert B. Conquest ("Defendants"), states as follows:

## **PARTIES**

1.      Plaintiff, Royal EV, is a Georgia limited liability company with a place of business at 632 Richardson Road SE, Calhoun, GA 30701.

2.      Upon information and belief, Defendant, BC Companies, LLC, is an Alabama limited liability company with a place of business at 3825 Hwy 59 South, Loxley, AL 36551 and a registered agent address of 26588 Marina Rd., Orange Beach, AL 36561.

3.      Upon information and belief, Defendant, Robert B. Conquest, is an individual residing at 26588 Marina Rd., Orange Beach, AL 36561.

## JURISDICTION AND VENUE

4.     This is an action for trademark infringement, unfair competition and false designation of origin arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"), and under the common law of the State of Georgia.

5.     This Court has jurisdiction of the subject matter pursuant to at least 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and under this Court's pendent jurisdiction over related state and common law claims arising under the same operative facts and circumstances in accordance with 28 U.S.C. § 1367.

6.     Personal jurisdiction is proper in this district for at least the reason that Defendants have committed acts of infringement in this District.

7.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a), (b) and (c).

## NATURE OF THE ACTION

8.     Since at least as early as February 2021, Royal EV has been in the business of engineering, designing, manufacturing, assembling, selling, and distributing personal electric vehicles, and more specifically street-legal electric golf carts (hereinafter collectively referred to as "Plaintiff's Goods and Services"). Plaintiff's Goods and Services are provided virtually nationwide and actively promoted through various channels, including through Royal EV's website (www.royal-ev.com) and through a network of over 30 licensed dealers, with eight of Plaintiff's dealers currently located in Georgia.

9.     Since at least as early as February 2021, Royal EV has been substantially and continuously using the mark ROYAL in various forms including, but not limited to, "Royal"

alone and "Royal EV" (collectively "Plaintiff's ROYAL Mark"), in commerce for and in connection with Plaintiff's Goods and Services.

10.    Since at least as early as February 2021 Royal EV has been using "Royal" related terms such as "Crown," "Ambassador," and "Monarch" as model names to distinguish its line of personal electric vehicles.

11.    By virtue of the distinctiveness of Plaintiff's ROYAL Mark, the quality and nature of Plaintiff's Goods and Services offered under Plaintiff's ROYAL Mark, the extensive advertising, marketing and promotion of Plaintiff's Goods and Services under Plaintiff's ROYAL Mark, the exclusive and continuous use of Plaintiff's ROYAL Mark in commerce for and in connection with Plaintiff's Goods and Services, and Royal EV's overall success in providing Plaintiff's Goods & Services under Plaintiff' ROYAL Mark, Plaintiff's ROYAL Mark has acquired and come to symbolize and identify a source of great and valuable goodwill for and in connection with Plaintiff's Goods and Services.

12.    On October 30, 2023, Royal EV filed an application to federally register its ROYAL EV mark in connection with "Motorized golf carts" in International Class 12. The application identified a date of first use in commerce for the identified goods of at least as early as February 1, 2021. The application was assigned U.S. Application Serial No. 98/246,969 ("Plaintiff's '969 Application"). Plaintiff's '969 Application is currently pending before the United States Patent and Trademark Office ("USPTO").

13.    Since in or about May 2023, Defendants have been offering personal electric vehicles, and more specifically street-legal electric golf carts, and related services (hereinafter collectively referred to as "Defendants' Goods and Services") using the mark ROYAL and/or ROYAL CARTS (collectively "Defendants' Royal Mark").

14.    Defendants offer Defendants' Goods and Services through a network of licensed dealers currently located in Alabama, Florida, Texas, and Georgia.

15.    Defendants have at least one Georgia dealer for Defendants' Goods and Services – King Truck Sales, LLC having an address of 8748 Pleasant Hill Rd., Lithonia, GA 30058.

16.    Defendants operate a website at the domain www.royalcarts.net in which Defendants promote Defendants' Goods and Services using Defendants' Royal Mark.

17.    Defendants also operate a website at the domain www.royalcartsdealerships.com in which Defendants promote Defendants' Goods and Services and actively seeks new dealer partnerships using Defendants' Royal Mark.

18.    Defendants also use "Royal" related terms such as "The Duke" and "The Knight" as model names to distinguish Defendants' line of personal electric vehicles.

19.    On June 6, 2023, Defendants submitted two federal trademark applications for its ROYAL CARTS mark in connection with "Manufacturer representatives in the field of automobiles and spare parts such as golf carts, trailers etc." in International Class 35. The first application is for a standard character form of the mark, which was assigned U.S. Application Serial No. 98/030,614 ("Defendants' '614 Application"). The second application is for a design form of the mark as depicted below, which was assigned U.S. Application Serial No. 98/030,626 ("Defendants' '626 Application").



Both Defendants' '614 Application and Defendants' '626 Application claimed a date of first use of May 29, 2023, and were filed in the name of "Conquest, Robert B DBA BC Companies, LLC."

20.    Prior to any date of first use of Defendants' ROYAL Mark by Defendants for or in connection with Defendants' Goods and Services, Plaintiff first used and has made continuous and exclusive use of Plaintiff's ROYAL Mark in commerce for and in connection with Plaintiff's Goods and Services.

21.    Defendants' ROYAL Mark is substantially identical, if not identical, to Plaintiff's ROYAL Mark in overall sound, appearance, and/or meaning.

22.    Defendants' Goods and Services offered under Defendants' ROYAL Mark are encompassed in their entirety by Plaintiff's Goods and Services offered under Plaintiff's ROYAL Mark.

23.    Plaintiff's Goods and Services offered under Plaintiff's ROYAL Mark and Defendants' Goods and Services offered under Defendants' ROYAL Mark are offered in overlapping trade areas.

24.    The advertising, promotion, provision, sale, and/or offer for sale of Defendants' Goods and Services under Defendants' ROYAL Mark has been done without the license, consent or acquiescence of Plaintiff.

25.    Defendants use of Defendants' ROYAL Mark for Defendants' Goods and Services has caused and is likely to cause confusion among consumers, the trade in general, and the public at large as to the source of Defendants' Goods and Services vis-à-vis the source of Plaintiff's Goods and Services offered under Plaintiff's ROYAL Mark.

26.     Upon information and belief, Defendants knew of the prior use of Plaintiff's ROYAL Mark to identify the source of Plaintiff's Goods and Services before Defendants commenced use of Defendants' Goods and Services under Defendant's ROYAL Mark, and therefore Defendants did, and continues to, willfully infringe upon Plaintiff's rights in Plaintiff's ROYAL Mark.

27.     Despite having had actual knowledge of Plaintiff's prior use of Plaintiff's ROYAL Mark for Plaintiff's Goods and Services, Defendants adopted Defendants' ROYAL Mark and has used the same in willful or reckless disregard of Plaintiff's prior and superior rights therein.

## COUNT I
### Federal Unfair Competition and Related Violations

28.     Plaintiff repeats and realleges the allegations in Paragraphs 1 through 27 above as if fully set forth herein.

29.     Through the substantial, continuous, and exclusive use of Plaintiff's ROYAL Mark in commerce, the relevant trade and consuming public has come to identify Plaintiff's ROYAL Mark and the goods and services offered under it as originating with Plaintiff.

30.     Plaintiff has built a valuable business in its use of Plaintiff's ROYAL Mark, and the goodwill associated with Plaintiff's ROYAL mark is of tremendous value.

31.     Defendants' conduct as described herein constitutes use of a false designation of origin and/or a false or misleading description or representation of fact on or in connection with Defendants' Goods and Services which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the parties, and/or as to the origin, sponsorship, or approval of their respective goods and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.    Use by Defendants of Defendants' ROYAL Mark as alleged herein falsely represents or suggests to consumers and to persons in the trade and industry that Defendants' Goods and Services are provided, distributed and/or sold by or from the same commercial source as, or with the permission of or authorization from the same commercial source as, Plaintiff's Goods and Services provided, distributed, and/or sold under Plaintiff's ROYAL Mark and/or that Defendants' Goods and Services have been provided in accordance or in compliance with the quality standards established by Plaintiff for Plaintiff's Goods and Services offered and/or sold under Plaintiff's ROYAL Mark, in further violation of 15 U.S.C. § 1125(a).

33.    Defendants have, by its use of Defendants' Royal Mark, including in conjunction with Defendants' use of "Royal" related model names for its personal electric vehicles, falsely represented to, misrepresented, and deceived the purchasing public and the trade in general to falsely or mistakenly believe that Defendants' Goods and Services have been authorized by, sponsored by, or are connected or affiliated with the source of Plaintiff's Goods and Services offered under Plaintiff's Royal Mark.

34.    The unauthorized uses by Defendants of Defendants' ROYAL Mark as alleged herein constitute false and misleading designations of origin in violation of 15 U.S.C. § 1125(a).

35.    The unlawful, unjust, and unfair use of Defendants' ROYAL Mark by Defendants has and is being undertaken with knowledge of Plaintiff's substantial, continuous, and exclusive use of and superior rights in Plaintiff's ROYAL Mark, and with the deliberate and willful intent to infringe upon, violate and harm the rights of Plaintiff and to unlawfully and unfairly compete with and divert trade, goodwill, and revenue from Plaintiff to Defendants, whereby Defendants have been, are being, and will continue to be unjustly enriched proximately caused by and/or

resulting from Defendants' unlawful, unjust, and unfair use of confusingly similar variations of Plaintiff's ROYAL Mark and intellectual property rights associated therewith.

36.    Defendants' acts as alleged herein have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff.

## <u>COUNT II</u>
### Common-Law Deceptive Trade Practices Under Georgia Code

37.    Plaintiff repeats and realleges the allegations in Paragraphs 1 through 36 as if fully set forth herein.

38.    The activities of Defendants as alleged herein constitute a deceptive trade practice in violation of the common law and have been undertaken by Defendants to cause confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' Goods and Services pursuant to GA Code § 10-1-372(a)(2).

39.    Defendants' acts as alleged herein have engendered, or are likely to engender, a false belief in the minds of the public and persons in the trade and industry in general that Defendants' Goods and Services offered under Defendants' ROYAL Mark are affiliated with, sponsored by, or associated with the source of Plaintiff's Goods and Services marketed and sold under Plaintiff's Royal Mark.

40.    Defendants willfully engaged in the deceptive trade practices as alleged herein knowing such acts to be deceptive.

41.    Defendants' acts as alleged herein have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff.

42.    Pursuant to GA Code § 10-1-373(a), Plaintiff is entitled to an injunction against Defendants use of Defendants' ROYAL Mark and colorable imitations thereof.

43.    Pursuant to GA Code § 10-1-373(b), Plaintiff is entitled to its reasonable attorney's fees in bringing this claim.

WHEREFORE, Plaintiff prays for at least the following relief:

a.    A preliminary and permanent injunction, and such other and further relief as is provided for under 15 U.S.C. § 1116, GA Code § 10-1-373(a), and/or the common law to prohibit any further violation of Plaintiff's rights in Plaintiff's ROYAL Mark, prohibiting Defendants from unfairly competing with Plaintiff through the use of spurious designations substantially identical to or confusingly similar to Plaintiff's ROYAL Mark.

b.    An accounting and recovery under 15 USC § 1117(a) and/or the common law of Defendants' profits resulting from violation of Plaintiff's rights in Plaintiff's ROYAL Mark.

c.    Recovery under 15 USC § 1117(a) and/or the common law of Plaintiff's damages, in an amount to be determined.

d.    Trebling of the profits or damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under 15 USC § 1117(a), GA Code § 10-1-373(b), and/or the common law due to the deliberate and willful violation by Defendants of Plaintiff's rights in Plaintiff's ROYAL Mark.

e.    An award to Plaintiff of its costs in this action.

f.    That all signs, prints, advertising literature, or marketing collateral in the possession or control of Defendants bearing Defendants' ROYAL Mark, or any other colorable imitation or confusingly similar variation of Plaintiff's ROYAL Mark, be delivered to an officer of the Court for destruction pursuant to 15 USC § 1118.

g.     Such other, further, and additional relief as this Court may deem reasonable and just.

## **JURY DEMAND**

Plaintiff demands a jury to try the issues joined.

Dated: November 9, 2023

Respectfully submitted,

/s/Robert O. Fox
Robert O. Fox - (Georgia Bar No. 272610)
Wade R. Orr – Tenn. Bar No. 27448 (to be admitted *pro hac vice*)
LUEDEKA NEELY, P.C.
900 S. Gay Street, Suite 1504
Knoxville, TN  37902
Telephone: (865) 546-4305
Rfox@Luedeka.com
WOrr@Luedeka.com